# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                           Case No. 16-CR-23

JABBER WALKER,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION ORDER

Before me is defendant Jabber Walker's motion to reopen his detention order. (Docket # 14.) Walker is presently charged in a two-count indictment with being a felon in possession of ammunition and a felon in possession of a firearm. (Docket # 1.) On February 29, 2016, Walker was arraigned and entered a plea of not guilty. (Docket # 3.) After conducting a detention hearing, I ordered Walker detained pending trial. (Docket # 3, 7.)

A defendant who has been detained can seek to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides as follows:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Here, Walker argues that I should reconsider the detention order because the finding that he was a danger to the community was based on flawed information. Specifically, Walker argues that K.P., the source of much of the information against Walker, is not a credible source for any determination of danger to the community. It is true that at the detention hearing I noted that the domestic dispute

between Walker and K.P. that brought Walker's alleged possession of firearm (Count Two) to law enforcement's attention was troubling. But that was not the only basis of my determination that Walker posed a risk of danger to the community. In finding Walker posed a danger to the community, I emphasized the seriousness of Walker's prior criminal record, particularly the two convictions for 1st Degree Resklessly Endangering Safety - use of Dangerous Weapon and 2nd Degree Recklessly Endangering Safety - Use of Weapon. I noted that although the convictions date back to when Walker was younger, his three revocations on the 2nd Degree Recklessly Endangering Safety - Use of Dangerous Weapon conviction were recent. The recent and repeated revocations, I stated, were indications that Walker had trouble following court-ordered conditions and therefore was not a good candidate for following conditions that I might set to protect the community. The new information about K.P. does not change the risk indicated by Walker's prior record. I am sympathetic to Walker's desire to be home with his family while he awaits the resolution of his case. However, after reviewing the parties' arguments on this motion and listening to the audio recording of the initial detention hearing, based on the risk to the community indicated by his prior record and revocations, I respectfully decline to reopen the detention hearing and set conditions of release.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 19th day of July, 2016.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge